## Zerbe Township School District v. Lark et al.

*Richard Henry Klein,* for plaintiff.

*C. C. Lark* and *D. W. Kearney,* for defendants.

FORTNEY, P. J., and LARRABEE, P. J. (specially presiding), May 13, 1947.—It appears from the record that Edward J. O'Rourke, on October 30, 1946, filed his first account in this court as said receiver.

Exceptions to this report were filed by H. Marshall Reinhardt and argument on the same was had before the court en banc on February 8, 1947.

It appears from the record that certain tracts of land, the title to which is in H. Marshall Reinhardt, were sold to the commissioners of Northumberland County by the county treasurer of said county at a tax sale held April 29, 1943, and that among these

tracts was one known as Thomas Grant tract. Therefore, the statutory period of two years for redemption of these lands would expire April 29, 1945.

It further appears from the record that the coal mined on this tract by the receiver was done between the date of his appointment on September 14, 1945, and February 2, 1946. It further appears from the record that H. Marshall Reinhardt redeemed this tract in full on January 19, 1946. Therefore, we are of the opinion, and so conclude, that the royalties collected by the receiver for coal mined on the Thomas Grant tract, down to the date when they were redeemed by the said H. Marshall Reinhardt, to wit, January 19, 1946, are the property of the County of Northumberland, acting as trustee for the benefit of the several taxing authorities entitled thereto.

As to the royalties received by the receiver from January 19, 1946, down to February 2, 1946, inclusive, we conclude that these royalties belong to H. Marshall Reinhardt and he should be refunded this amount.

As to the land redeemed by the said H. Marshall Reinhardt, and which formed a part of the Trevorton estate tract, and which consisted of a tract of 37 acres, we find, from the record, that this land was sold to the commissioners of Northumberland County at county treasurer's tax sale for taxes on January 25, 1945. Therefore, the said H. Marshall Reinhardt had two years from January 25, 1945, to redeem the same, and it appears from the record before us that the said H. Marshall Reinhardt did redeem this 37-acre tract of the Trevorton estate lands on January 19, 1946. The royalties collected by the receiver from the land mined on this 37-acre tract of the Trevorton estate, and amounting to $290.15, were collected within the statutory two-year period for redemption from the date of the said tax sale and, therefore, we conclude that this sum of $290.15 belongs to H. Marshall Reinhardt and should be refunded to him.

As to that part of exception no. 1, which applies to the amount of royalties received on coal mined on the 37 acres of the Trevorton estate, the exception is sustained.

Defendant also excepted to the commissions paid on royalties to the receiver and fees to his legal counsel. These two items have, since the date of the argument had on these exceptions, been passed upon by this court and are a matter of record, the court citing, in the order allowing the commissions and legal fees, its authority for so doing. We find this exception without merit, and make the following

### Order

And now, to wit, May 13, 1947, the first exception filed by H. Marshall Reinhardt to the first account of the receiver is sustained as modified in this opinion; the second exception is dismissed.

NOTE.—See Zerbe Township School District et al. v. West Line Coal Company et al., 59 D. & C. 505.